FILED

11/29/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 23-0693

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, Montana 59624
Tel: (406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * * * *

IN THE MATTER OF JUSTIN J. KALMBACH,

An Attorney at Law,

Respondent.

)
)
)
)
)
)
)
)
)
)

Supreme Court Cause No. _____

ODC File No. 22-116

**COMPLAINT**

**Rules 1.3 and 1.4, MRPC**

By leave of the Commission on Practice granted on November 7, 2023, the Office of Disciplinary Counsel for the State of Montana (ODC), hereby charges Justin J. Kalmbach with professional misconduct as follows:

**General Allegations**

1. Justin J. Kalmbach, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2011, at which time Respondent took the oath required for admission, wherein he agreed to abide by the Rules of

*Complaint* - Page 1

Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct (MRPC), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. Option 1 is a national debt relief firm, which offers to turn a client's outstanding debts into affordable monthly payments, paid to Option 1. The payments are drawn over an agreed upon number of months and Option 1 will then pay the debts. The clients' payments are placed in an account dedicated to them, known as a "Global account." After signing a contract with Option 1, clients are assigned local counsel who meets with them to discuss their fee and debt repayment plan, their creditors and the status of those debts, and to review their file on both a quarterly and annual basis. At all times relevant to the Complaint, Respondent acted as local counsel for Option 1 and was also a class B shareholder in the same.

### Count One

4. ODC realleges and incorporates paragraphs 1 through 3 of the General Allegations as if fully restated in this Count One.

\\

*Complaint* - Page 2

5. S.B. retained Option 1 in September 2019. Option 1 and their in-house staff began collecting S.B.'s debts and negotiating her approximate monthly payment. S.B. agreed to automatic monthly payments to her Global account and Respondent was assigned as her attorney.

6. In approximately May of 2021, Discover credit card ("Discover"), filed suit against S.B.in Lake County Justice Court. S.B. paid Respondent a $30 filing fee and he responded on her behalf. Respondent negotiated a Stipulation between Butler and Discover, for less than 75% of the total debt. The Stipulation was signed in approximately May 2021, and was provided to Option 1 so S.B.'s monthly payments and debt settlements could be updated.

7. In June 2021, Option 1 emailed S.B. and notified her that considering the amount of the Discover settlement, her Global account would be short $157. Option 1 requested S.B. make an additional payment to cover the shortage by the end of her contract in March 2023. S.B. responded and agreed to the extra payment.

8. Respondent had access to Option 1's case management system which permitted him to review log notes of non-attorney personnel, the payment ledger, and the accounts that had been settled to date. Respondent did not review the ledger for specific payments to creditors, or the log notes in S.B.'s file. A review of either the ledger or notes would have demonstrated a lack of payments to Discover.

\\

9. Respondent received an email from Option 1 administrative staff in November 2021, notifying him S.B.'s Global account would be short and that payments had not been made to Discover. Respondent failed to review this email for S.B.'s file reviews conducted in December 2021, January 2022, and March 2022, and failed to communicate this information to S.B.

10. On March 7, 2022, Respondent emailed S.B. a subsequent settlement with Discover. In reviewing the correspondence from Discover, S.B. learned Respondent received the settlement offer in January 2022, and that the deadline to respond had been February 25, 2022. S.B. emailed Respondent in response to the offer, but Respondent failed to respond.

11. Shortly thereafter, S.B. received a Notice of Levy from Discover. S.B. again attempted to contact Respondent, but he failed to respond. S.B. then contacted Option 1 administrative staff who explained for the first time, despite her regular monthly payments, they had not made payments to Discover in over ten (10) months. Respondent was removed from S.B.'s case; S.B. terminated Option 1; and Option 1 provided S.B. a Settlement Agreement which refunded the payments she had made, and which were held in her Global account.

12. S.B. renegotiated an agreement with Discover on her own, but on less favorable terms than Respondent previously negotiated.

\\

*Complaint* - Page 4

13. Respondent knew that S.B.'s defaulting on a settlement was likely to affect her financial obligations or alternatively, require a renegotiation of the settlement. Both directly affected Respondent's representation of S.B. and were circumstances required to be discussed with S.B. By Respondent's failure to communicate the circumstances directly affecting S.B.'s representation and requiring her informed consent constitutes a violation of Rule 1.4(a)(1).

14. Respondent's conduct as outlined above occurred over many months and resulted in actual harm to S.B. By Respondent's failure to timely communicate Discover's January 2022 subsequent settlement offer, and thereafter, respond to S.B.'s inquiries about the status of the Discover settlement and Notice of Levy, constitutes a violation of Rule 1.4.

## Count Two

15. ODC realleges and incorporates paragraphs 1 through 3 of the General Allegations and paragraphs 4 through 14 as if fully restated in this Count Two.

16. Respondent failed to fully review S.B.'s file and recognize and rectify the accounting/administrative error. Respondent's failure resulted in S.B.'s bank account being levied and a significantly less advantageous Discover settlement.

17. Respondent's conduct as outlined above constitutes a violation of Rule 1.3.

\\

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the Complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 29th day of November, 2023.

OFFICE OF DISCIPLINARY COUNSEL

By: _Pamela D. Bucy_
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 6

**CERTIFICATE OF SERVICE**

I, Pamela D. Bucy, hereby certify that I have served true and accurate copies of the foregoing Complaint - Formal Complaint and Citation to Appear to the following on 11-29-2023:

Shelly Smith (Court Reporter)
Office Administrator
Supreme Court Boards and Commissions
P.O. Box 203002
301 S. Park Ave., Ste. 328
Helena MT 59624
Service Method: eService
E-mail Address: shellysmith@mt.gov

Electronically signed by Shelby Streib on behalf of Pamela D. Bucy
Dated: 11-29-2023